# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF KANSAS

| | |
|---|---|
| **CEVA SANTÉ ANIMALE, S.A.** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   **Case No.: 2:07-cv-02532-CM-DJW** |
| | ) |
| **NUTRI-VET, LLC,** | ) |
| | ) |
|     **Defendant.** | ) |

## STIPULATED PROTECTIVE ORDER

The parties in the above-captioned case are direct competitors that have critical investments in developing patents, other intellectual property, and sensitive competitive information, the disclosure of which to anyone and particularly to a direct competitor would result in an immediate and severe financial hardship. Accordingly, Plaintiff Ceva Santé Animale, S.A. and Defendant Nutri-Vet, LLC stipulate, pursuant to Fed. R. Civ. P. 26(c), that the following Protective Order may be entered by the Court.

**IT IS HEREBY ORDERED THAT:**

1.  All Confidential Information produced or exchanged in the course of this litigation may be used solely for the purpose of this litigation and must be kept confidential. Except as provided, relevant, non-privileged information must not be withheld from production in response to discovery solely by virtue of it being Confidential Information.

2.  The term "Confidential Information" as used herein means any information relating to product formulation, chemical compounding processes, trade secrets, competitive information, and/or other confidential information as described in Paragraph 5 which is

designated as **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS ONLY** pursuant to this Protective Order by the supplying party, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, response to a request for admission, information incorporated in an exhibit, tabulation, abstract, summary, compilation or work sheet, or otherwise.  This designation shall be made by stamping each page of the document containing confidential information with the legend **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS ONLY** prior to its production or, if inadvertently produced without such legend, by promptly furnishing written notice to the designating party that the information or document shall be **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS ONLY** under this Protective Order.

      3.      In designating information as Confidential pursuant to this Protective Order, the supplying party will make such designation only as to that information or material that the designating party in good faith believes contains Confidential Information and not for the purposes of harassing the receiving party or for purposes of unnecessarily restricting the receiving party's access to information concerning the lawsuit.  Information which is available to the public, such as issued patents, published patent applications, advertising materials, and the like, shall not be designated as confidential.

      4.      The term "documents" as used herein has the same meaning as defined for it in Fed. R. Civ. P. 34 and includes without limitation, written, recorded, or graphic matter, testimonial transcripts and things produced by any party in this action, and any portions of any papers filed in this case and in any appeal therefrom which quote from or summarize any of the foregoing.

5.      The provisions of this Protective Order apply only to the following named categories of documents, information, items, or materials (including electronically-stored information): deposition transcripts; affidavits; declarations; supplier lists; customer lists; vendor lists; tax returns; personnel files; sales records; accounting/financial records; purchase orders; receipts, including sales receipts; checks, including pay checks; bills of lading; shipping records; order forms; bank statements; and other documents, information, items, or materials (including electronically-stored information) containing or referring to non-public, confidential information such as business costs, product costing, profit margins, wholesale pricing sales terms, sales volumes, conditions of sales, competitive information, advertising strategy, customer feedback, customer identity, vendor identity, supplier identity, product formulation, product manufacturing processes and methods, chemical compounding processes, future business development plans, and trade secrets.

6.      Each party and all persons bound by the terms of this Protective Order shall use any information or document governed by this Protective Order only for the purpose of prosecution or defense of this action. Particularly, and without limitation, neither party, and no person bound by the terms of this Protective Order, shall use any information or document that is provided in this action and governed by this Protective Order for any purpose in any other action. No party or other person who has executed an agreement in the form of Exhibit A shall disclose or release to any person not qualified under this Protective Order any information or document governed by this Protective Order for any purpose, or to any person qualified under this Protective Order for any purpose other than the prosecution or defense of this action.

7.      Counsel for a party may give advice and opinions to his or her client based on his

or her evaluation of information designated as **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS ONLY** produced by the opposing party provided that such rendering of advice and opinions shall not reveal the content of such information except by prior written agreement with opposing counsel.  The attorneys of record for the parties and other persons receiving information governed by this Protective Order shall exercise reasonable care to insure that the information and documents governed by this Protective Order are (i) used only for the purposes specified herein, and (ii) disclosed only to authorized persons.

8. Documents or information designated as **CONFIDENTIAL** shall be disclosed by the recipient thereof, on a need-to-know basis only to:

(a) The attorneys of record for the parties to this action and their staff;

(b) The Court, court personnel, and court reporters;

(c) Any persons retained or employed as outside experts or consultants, and their staff, by the parties or their attorneys of record in this litigation, to whom it is necessary that the material be shown for purposes of this litigation.  Each of those persons must, prior to the receipt of the materials designated as confidential, execute an agreement in the form of Exhibit A attached hereto;

(d) Employees and officers of the producing party;

(e) Authors or drafters, addressees, and those who received the documents or information prior to the commencement of this action;

(f) Contractors and their employees involved solely in document management services for this litigation;

      (g)    No more than two designated employees of the receiving party, *provided*, however, that before any such disclosure is made, each such designated employee shall first execute an agreement in the form of Exhibit A attached hereto; and

      (h)    Any other person designated by written stipulation of the parties or order of this Court after notice to both parties.

9.    Documents or information designated as **CONFIDENTIAL ATTORNEYS ONLY** shall be disclosed by the recipient thereof only to:

      (a)    The attorneys of record for the parties to this action and their staff;

      (b)    The Court, court personnel, and court reporters;

      (c)    Any persons retained or employed as outside experts or consultants, and their staff, by the parties or their attorneys of record in this litigation, to whom it is necessary that the material be shown for purposes of this litigation.  Each of those persons must, prior to the receipt of the materials designated as confidential, execute an agreement in the form of Exhibit A attached hereto; and

      (d)    Any other person designated by written stipulation of the parties or order of this Court after notice to both parties.

10.    Counsel for a party producing documents may mask ("redact") material deemed exempt from discovery because of the attorney-client privilege or work product immunity afforded by Fed. R. Civ. P. 26(b), and may thus produce documents for inspection either in a redacted or unredacted form.  However, any document from which material is redacted must identify that a redaction has occurred.  The reason for any redaction must be stated either on the

document itself or on a privilege log which accompanies the produced documents. The redacting party shall bear the burden of proof with respect to the propriety of the redaction.

11.     Documents and information designated as **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS ONLY** shall include:

(a)     All copies, extracts, and complete or partial summaries prepared from such documents or information;

(b)     Portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries;

(c)     Portions of briefs, memoranda, or any other writing filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; and

(d)     Deposition testimony designated in accordance with Paragraph 12 below.

12.     Deposition transcripts, or portions thereof (by specific page and line reference), may be designated as subject to this Protective Order either (1) at the time of such deposition, or (2) within thirty (30) days following receipt of the deposition transcript by providing written notice to all counsel of record, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party. All deposition transcripts not previously designated shall be deemed to be, and shall be treated as, **CONFIDENTIAL ATTORNEYS ONLY**, for a period of thirty (30) days after receipt of the transcript, and the transcript shall not be disclosed by a non-designating party to persons other than those person named or approved according to Paragraph 9 herein. Whenever matter designated as **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS ONLY**

is to be discussed in a deposition, any party claiming such confidentiality may have excluded from the deposition any person who is not entitled under this Protective Order to receive information designated as **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS ONLY**.

13. Notwithstanding any other provisions of this Protective Order, nothing herein shall prevent disclosure if the party designating the information as **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS ONLY** expressly consents to such disclosure, either in writing or in the record of any proceeding in this case, or if the Court enters an order requiring or permitting the disclosure after notice to both parties.

14. Neither party will be responsible to the other party for any use made of information produced and not designated as **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS ONLY**.

15. If timely corrected, an inadvertent failure to designate information as **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS ONLY** does not, standing alone, waive the producing party's right to secure protection under this Protective Order for such information.

16. Insofar as it relates to third parties, the inadvertent or unintentional disclosure by the supplying party of documents containing information that a party intended to be treated as **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS ONLY** will not be deemed a waiver in whole or in part of a party's claim of confidentiality or privilege, either as to the specific information disclosed, as to any information relating thereto, or on the same or related subject matters. Upon request by the supplying party, any such inadvertently produced document will be returned to the supplying party along with all copies (hard or electronic) thereof.

17.     Neither party will be obligated to challenge the propriety of a confidential designation at the time made, and a failure to do so will not preclude a subsequent challenge thereto.  A failure of either party to challenge a party's designation of a document or information as **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS ONLY** will not prejudice any party or person and will not constitute an agreement or admission that the designation is valid by reason of such failure to object.  In the event that either party disagrees at any stage of these proceedings with the designation by the other party of any information as confidential, the parties will try first to resolve such dispute in good faith on an informal basis.  Any party may request the party asserting confidentiality for:

(a)     A change in the designation of any document or information as **CONFIDENTIAL** to non-confidential;

(b)     A change in the designation of any document or information as **CONFIDENTIAL ATTORNEYS ONLY** to **CONFIDENTIAL** or non-confidential

(c)     Permission to disclose such documents or information to persons in addition to those specified in Paragraph 8 and/or Paragraph 9.

Such request will be by written notice served on counsel for the party who designated the subject matter **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS ONLY**.  The written notice will state the grounds for the request, and contain an identification of the documents by production number, and where less than the entire document is at issue, a particularized description of the information from that document for which a change in designation is requested. The party asserting the propriety of the designation will have the burden of establishing the need for the designation, provided that party is provided with a written notice as set forth herein.  If the

dispute cannot be resolved, the objecting party may seek appropriate relief from the Court.  The parties may seek an order of the Court and at any time bring before the Court the question of whether any particular information is or is not in fact Confidential Information.  Designations of **CONFIDENTIAL** and **CONFIDENTIAL ATTORNEYS ONLY** shall be made in good faith and the receiving party may request relief from the Court if there is an abuse of this order, including an award of attorneys' fees and costs.

18. Insofar as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders will continue to be binding after the conclusion of this litigation except that a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of such protective orders.  After the final disposition of this litigation, a party may seek leave to reopen the case to enforce a provision of this Protective Order.

19. Nothing in this Protective Order forecloses or limits any of the parties from opposing the production of any documents, the taking of any testimony, or the discovery of any information on any grounds whatsoever.

20. Nothing in this Protective Order limits any of the parties from applying to the Court for modification of, or relief from, this Protective Order, or for such further or additional protective orders as the Court may deem appropriate.

21. The burden of proving any violation of this Protective Order will be on the party alleging the violation.

22. Any documents designated as **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS ONLY** that are filed with the Court for any purpose, including affidavits, briefs,

or memoranda of law, will be filed under seal according to the Local Rules for the District of Kansas. A party seeking to file a document designated as **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS ONLY** must first file a motion with the Court and be granted leave to file the particular document under seal.

23. No party (or person designated by a party pursuant to Paragraphs 8 and 9, above) shall use any material designated by the other party hereunder as **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS ONLY**, or information derived from such information, for purposes other than this litigation, including without limitation for purposes of preparing, filing, or prosecuting any patent application, continuation or divisional patent application, or reissue patent application. Any party may mark any material designated hereunder as **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS ONLY** as an exhibit to a deposition, hearing, or other proceeding, and examine any witness thereon qualified under the terms of this Protective Order to have access to such designated material, provided (i) the qualified witness previously has executed or stated under oath to agree to be bound by an agreement in the form of Exhibit A attached hereto, and (ii) the exhibit and related transcript pages receive the same type of confidentiality designation as the original document.

24. A party who receives documents or information designated as **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS ONLY** from any other party shall maintain those documents or information in a secure place that is reasonably inaccessible to anyone other than those persons authorized under this Protective Order to receive such information.

25. In the event a supplying party inadvertently fails to designate any document, thing, or information as protected by the attorney-client privilege, work product doctrine, or any other

such privilege, it may within a reasonable time after discovery of the inadvertent disclosure, designate such document, thing, or information as privileged by notifying counsel for the receiving party in writing, and identifying the particular documents, things, or information it wishes to designate as privileged.  Counsel for the receiving party shall thereafter use reasonable efforts to destroy, or to return to the supplying party, all such particular documents, things, or information, as well as all copies thereof.  Such inadvertent failure to designate by the supplying party shall not be deemed a waiver of privilege.  Such acts by the receiving party shall not be deemed a waiver of the right to challenge the designation of such documents, things, or information as privileged.

26. The terms of this Protective Order are applicable to **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS ONLY** information submitted by non-parties to this action who have agreed in writing in the form of Exhibit A to be bound by this Protective Order, which information shall be protected by the remedies and relief provided by the Protective Order.

27. All information and physical evidence will remain the sole property of the producing party and, except to the extent required for post-judgment litigation, including but not limited to appeals and actions thereto, within thirty (30) days of the entry of a final order concluding this litigation, all documents that have been designated as confidential and all copies thereof disclosed by a producing party in the possession of a receiving party will be destroyed by the receiving party, provided that the producing party may instead request the return of the material.

28. No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating

party, or by an order of the Court for good cause shown.  The restrictions provided for herein shall not terminate upon conclusion of this lawsuit, but shall continue until further order of this Court.

29. Upon final termination of this action, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return or destroy, such returning or destruction being at the option of the receiving party, all material produced by the designating party and designated as **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS ONLY**, including all copies, extracts, and summaries thereof, to the party from whom the designated material was obtained, except that any documents or copies which contain or constitute, or which reflect, attorney work product or attorney-client privileged communications may be retained by counsel.  If the receiving party elects to destroy designated materials rather than return them to the designating party, the designating party is entitled to request in writing and be provided with a certificate of destruction evidencing the destruction of the designated materials that were produced by the designating party.  Notwithstanding the foregoing, outside counsel of record for the receiving party may retain for its archives (i) one full set of copies of all pleadings, affidavits, declarations, briefs, memoranda, expert reports, exhibits, and all other papers filed and/or served in this action; (ii) one set of transcripts of all testimony taken at any depositions, hearings, or trial (with exhibits); and (iii) all of its own work product generated in connection with this action.

30. Any producing party shall be entitled to all remedies existing under law and equity in the event of any unauthorized disclosure of Confidential Information, or any other breach of

this Protective Order, by either a receiving party or any person to whom a receiving party has disclosed confidential information in violation of this Protective Order.

31.     The procedures established by this Protective Order are intended to be cumulative and in addition to any party's right to seek further or different protection from the Court regarding issues addressed herein.

**APPROVED AND SO ORDERED.**

DATED: <u>April 7, 2008</u>

<u>s/ David J. Waxse</u>
David J. Waxse
United States Magistrate Judge

# EXHIBIT A

**AGREEMENT TO COMPLY WITH PROTECTIVE ORDER**

I hereby acknowledge receipt of materials or information alleged to be confidential by _____. I certify my understanding that such material is provided to me pursuant to the terms and restrictions of the Protective Order, issued by the Court in the case of *Ceva Santé Animale, S.A. v. Nutri-Vet, LLC*, in the United States District Court for the District of Kansas.  I have been given a copy of and have read the Protective Order.  I understand that I am to make no copies of the aforementioned documentary material and that it is to remain in my personal custody until I have completed my assigned duties, whereupon it is to be returned to the counsel who provided me with said material.  I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms of the Protective Order.  I understand that I am under an Order of the Court not to disseminate such documents or information, except for purposes of this action and as permitted by the Order or further Orders of this Court, and I agree to fully comply with the Order and any further Orders of this Court.

_____        _____
Date                                              Signature

                                               _____
                                               Printed Name